No. 39,749

In re Estate of John Gustafson, deceased (EDNA GUSTAFSON and MARGARET GUSTAFSON, *Appellees,* v. C. A. ABERCROMBIE, as Executor and Trustee, *Appellant.*)

(284 P. 2d 615)

Opinion filed June 11, 1955.

*L. H. Ruppenthal,* of McPherson, argued the cause and was on the briefs for the appellant.

*Melvin O. Nuss,* of Great Bend, argued the cause and *Vernon L. Nuss,* of Great Bend, was with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an appeal from an order refusing to approve a second annual accounting of a trustee.

The affair arises from the will of John Gustafson who died testate on July 29, 1951. He left an estate consisting of real property, goods, chattels, mortgages, notes, stocks, bonds, cash in banks and oil production in Kansas and Oklahoma that was valued at about $175,000. He left surviving him as his sole heirs Togo H. and John Randolph, sons, and Margaret, Edna and Hazel, daughters. Hazel was incompetent at the time he wrote his will. John Randolph died after his death. The sole heirs now living are Edna, Margaret, Togo and Hazel. His will appointed Chester A. Abercrombie as executor of his estate and trustee of his estate, both real and personal, for a period of three years, also trustee for Hazel. He directed that the trustee should collect all rents and arrange for leasing his real estate and all other business that would arise during that period of time.

In another paragraph the will provided the trustee should have the power to pay over at his discretion such sums as he saw necessary and right to his children and the will gave him full power to do so.

The will directed that at the end of the three-year trust the estate should be divided one-fifth to each of the children except Hazel, and her one-fifth to the trustee for the benefit of Hazel.

Pursuant to this will, the first annual accounting was made on September 19, 1952. It was approved by the probate judge and no appeal was taken from it. That judgment is *res adjudicta.* When this second annual accounting came on to be heard the probate court approved it. Edna and Margaret had been given notice and were present at the hearing. They appealed to the district court from the order approving that accounting. The trustee asked the appellants be directed to file their specific objections in writing.

These objections were for 1952 nine items, including for 1953 three items.

The trial court withheld approval of the accounting. The trustee filed various motions attacking the findings and conclusions. These were overruled. Hence this appeal.

The trial judge pointed out in his finding that counsel for the appellants had withdrawn objections to all items except

"(a) The propriety of the executor and trustee to increase the amount of insurance on the property owned by the estate, which insurance, including bond premium, they contend was written by the executor and trustee or by an insurance firm in which he participated in the premiums;

"(b) That the executor and trustee and his attorney are charging excessive and unreasonable fees for their services;

"(c) The propriety of the executor and trustee to advance unlimited amounts to Togo H. Gustafson under the terms of the will of John Gustafson, deceased, including money expended out of estate assets for seed wheat and farm expenses in connection with the farm lease of Togo H. Gustafson."

In finding No. 8 the trial court made a finding reflecting on the character of Togo. This finding was not necessary or pertinent to any final judgment in these proceedings, had no place in the court's findings and is disapproved.

The findings then pointed out that the testator had during his lifetime leased all the McPherson county farm land to Togo for a term of five years under terms whereby the landlord furnished seed wheat and was to receive one-half the grain; that on September 28, 1951, the probate court found that Togo had not prepared the ground and planted the wheat and would not be able to do so and ordered that the trustee contract for the preparation and seeding and charge the cost against Togo's 1952 crop; that the trustee accounted for the preparation of the ground by noting a disbursement of $838.25 of the seed and by noting an expenditure of $789.01 for 335 bushels of seed wheat for 235 acres of land.

The trial court in finding No. 13 found

"It is found that one bushel per acre is the normal rate for seeding wheat on the wheat land in question."

The trial court then made a finding as to the fees paid the trustee for his services covered by the first annual report. As already noted in this opinion, all these proceedings were *res adjudicata* as found by the trial court in its conclusions. These findings were not necessary to any judgment in this case. They were a gratuitous re-

flection on the probate court, the trustee and counsel, had no place in this record, and are disapproved.

The trial court finally made findings to the effect that the trustee had during the period of the second accounting increased the insurance coverage on buildings in the estate and that the premiums for this insurance was paid in part to an insurance agency in which the trustee was a partner.

The trial court in its conclusions found that the amount of insurance was proper and not excessive and it was approved, but the participation of the trustee in commissions received was disapproved.

The trial court then pointed out, the trustee when he secured the planting of the wheat crop for Togo in 1951 and charged the expenses thereof to Togo's share of the estate instead of against Togo's share of the 1952 crop, was guilty of willful misconduct, and permitted waste to the estate of which he was charged as trustee. In this conclusion the trial court erred. Under the terms of the will, already set out in this opinion, the trustee had wide discretion in this and kindred matters. There is no evidence whatever in this record that the trustee abused his discretion in any degree whatever.

The trial court then concluded that when the trustee permitted 335 bushels of wheat to be planted on 235 acres of land, one hundred bushels of wheat were lost to the estate at the expense of $2.35 per bushel, or $235, and this was gross neglect of duty or malfeasance in office. In this the court was in error. The amount of wheat to be sown was a matter within the discretion of the trustee. The court found that one bushel of wheat was the normal amount to be planted. This was not binding on the trustee. It was his duty to exercise his judgment in the matter. In the absence of any evidence whatever of bad faith or abuse of discretion his is the final word.

The trial court then concluded that the fees allowed the trustee at the first accounting were clearly excessive, but the court could do nothing about it. This was an error. The court had found that no appeal had been taken from the order approving the first accounting. It was clearly *res adjudicata* and a reference to it served no purpose in the judgment in this case.

The trial court next pointed out that the probate court had allowed the trustee a fee of $600 for the second annual accounting and $300 as his attorney. On account of the conclusions about pre-

paring the ground for planting in 1951 and for seed wheat the $600 allowed the trustee on the second annual accounting was disapproved and the trustee was denied a fee for his services. This was error, as already demonstrated in this opinion.

Counsel for the trustee rendered service at the trial of this case in the district court, also on the presentation of the appeal in this court. These services were rendered during the period to be covered by the third annual accounting. When this third annual accounting is presented to the probate court a showing should be made by counsel as to the services performed by him in those two trials, also those performed by the trustee. At that time the probate court should make allowances to both counsel and the trustee over and above the fees approved by the district court for counsel to cover services performed by them at the trial of the appeal of this case to the district court, and for services of counsel rendered in the presentation of the appeal to this court.

The judgment of the trial court is reversed with directions to the trial court to allow the trustee a fee of $600 for his services in the second annual accounting.